**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) ) | No. CR 15-897-TUC-CKJ |
| v. | ) ) | |
| Howard James Sawyer, | ) | **ORDER** |
| Defendant. | ) ) ) | |

The Court has received and reviewed the August 11, 2025, correspondence (Doc. 64) from Defendant Howard James Sawyer ("Sawyer"). Sawyer requests the Court correct the pre-sentence report ("PSR") by removing the references to the unconvicted conduct of escape. The Court accepts the correspondence as a Motion to Correct under Fed.R.Crim.P. 36 ("Motion").

The cited rule states:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed.R.Crim.P. 36.

A review of the record indicates Sawyer filed an Objection to Presentence Report (Doc. 48), but did not object to the inclusion of the escape references. Specifically, in the summary of a March 27, 1993, offense, the PSR indicated a "Department of Correctional Services report of violation alleged that the defendant violated the terms of his probation by escaping from a RCC and by failing to maintain employment. PSR (Doc. 51, p. 10). Similarly, in the summary of an October 4, 2012, offense, the PSR indicated a "charge of

1    escape was dismissed." *Id* at 11.

2        Sawyer asserts the United States Sentencing Guidelines ("USSG") do "not authorize

3    the Court to include the unconvicted conduct in the criminal history of the Presentence

4    Investigation Report, and the Court lacked statutory authority to do so." Motion (Doc. 65,

5    p. 2). However, the applicable guideline in effect when Sawyer was sentenced stated:

6        In determining the sentence to impose within the guideline range, or whether a
        departure from the guidelines is warranted, the court may consider, *without limitation*,
7        any information concerning the background, character and conduct of the defendant,
        unless otherwise prohibited by law. *See* 18 U.S.C. § 3661.

8
9    2016 USSG § 1B1.4, *emphasis added*. Further, the Commentary for that guideline states,

    *inter alia*:
10
11        Congress intended that no limitation would be placed on the information that a court
        may consider in imposing an appropriate sentence under the future guideline
12        sentencing system. A court is not precluded from considering information that the
        guidelines do not take into account in determining a sentence within the guideline
13        range or from considering that information in determining whether and to what extent
        to depart from the guidelines. For example, if the defendant committed two robberies,
14        but as part of a plea negotiation entered a guilty plea to only one, the robbery that was
        not taken into account by the guidelines would provide a reason for sentencing at the
        top of the guideline range and may provide a reason for an upward departure.
15
16    2016 USSG § 1B1.4, Commentary. In other words, while unconvicted conduct is not to be

17    considered in determining a guideline range, it may appropriately be considered in

18    determining the exact sentence within the calculated guideline range. The inclusion of the

19    references to the escapes, therefore, was appropriate.

20        Further, this Court does not have the "authority to amend [the] presentence report to

21    remove [information] after sentencing." *Bistodeau v. United States*, No. 4:17-CR-00100-

22    BLW, 2021 WL 1554066, at *2, n. 2 (D. Idaho Apr. 19, 2021); *see also United States v.*

23    *Fykes*, 733 F. App'x 950, 953 (10th Cir. 2018) ("Rule 32 does not provide a jurisdictional

24    basis for a district court to resolve on the merits a post-sentencing motion to amend the

25    PSR"); *United States v. Ballard*, 512 Fed.Appx. 152, 153 (3d Cir. 2013) ("The District Court

26    lacked jurisdiction to provide . . . relief under Rule 32, however, because sentencing courts

27    do not retain jurisdiction thereunder to entertain challenges to the PSR after final

28                                                - 2 -

judgment[.]").  Indeed, in an unpublished cases discussing modification of a PSR, the Ninth

Circuit recognized that a Court may modify a PSR prior to sentencing.  *United States v.*

*Brown*, 880 F.2d 1323 * 2 (9th Cir. 1989), *unpublished*.  However, the court did not address

any authority to modify a PSR after sentencing.  Rather, the court pointed out that a prisoner

may dispute the accuracy of information used by the Bureau of Prisons in establishing a

prisoner's offense severity rating, 28 C.F.R.  219(c), and may seek "formal review of a

complaint [within the Bureau of Prisons] which relates to any aspect of his imprisonment if

less formal procedures have not resolved the matter.  28 C.F.R. § 542.10."  *Id.*  at * 2.

The Court finds it has no authority and no basis to modify Sawyer's PSR.

Accordingly, IT IS ORDERED:

1.    Sawyer's  Motion to Correct under Fed.R.Crim.P. 36 (Doc. 64) is DENIED.

3.    The Clerk of Court shall mail a copy of this order to Sawyer at the following

address:

> Howard James Sawyer # 08038-029
> USP Florence ADMAX
> P.O. Box 8500
> Florence, CO 81226-8500

DATED this 15th day of September, 2025.

Cindy K. Jorgenson
United States District Judge

- 3 -